IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAULINO AVINA, | § | |
| | § | |
| V. | § | A-12-CV-143 LY |
| | § | |
| RICHARD SCOTT; ELENA DIAZ; | § | |
| RAUL GONZALEZ; AND JADE MEEKER | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Raul Gonzalez and Jade Meeker's Motion to Dismiss Pursuant to Rule 12(b)(6), filed March 14, 2012 (Clerk's Dkt. #6); Plaintiff's response, entitled "Criminal Activity in Government," filed March 26, 2012 (Clerk's Dkt. #9); Defendants Elena Diaz and Richard Scott's Motion to Dismiss Pursuant to Rule 12(b)(6), filed April 6, 2012 (Clerk's Dkt. #11); and Plaintiff's response, entitled "Criminal Activity in Government, Impunity and It's Consequences," filed April 23, 2012 (Clerk's Dkt. #13). The motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits of the motions pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I. BACKGROUND

On February 15, 2012, Plaintiff Paulino Avina ("Avina") filed this action naming as defendants Richard Scott ("Scott"), Elena Diaz ("Diaz"), Raul Gonzalez ("Gonzalez") and Jade

Meeker ("Meeker"). Each of the defendants is a Justice of the Peace in Austin, Texas. In the initial pleading, Avina alleges Gonzalez presided over a hearing on January 27, 2012, in case number J-4-JC-11-001780. Although somewhat unclear, it appears Avina was represented at the hearing by an attorney named Pablo Avila ("Avila"). Avina alleges:

> I requested to delay the proceedings because of Mr. Avila's recent intent to derail the case he was paid to defend, that would have warranted additional charges, but also for the mistrust over judge Gonzalez racist views. Judge denied the request, and demanded to hear what we had. During the process, Mr. Avila admitted keeping the money by offering to pay me back and justified his absence with a lie of a trip to New York. I gave judge Gonzalez a list of possible charges, but I was ignored. At the end, the judge rejected my allegations of fraud for lack of evidence. None of what judge Gonzalez wrote in his judgement document seem to be true.

(Plf. Compl. at 1-2).

Avina further alleges cause #116911, filed "against Nancy Stone" ("Stone") in Travis County involved the participation of visiting judge Diaz. Avina "requested judges Bembry and Diaz to recuse themselves because of the submissive tones toward insurance lawyers." (*Id*. at 2). The trial was thereafter changed to a different precinct and given case number J-4-SC-10-008000. Avina alleges Gonzalez ordered him to turn all evidence he had over to the lawyers of the defendant. On November 3, 2010, Gonzalez asked Stone's counsel "what a reasonable fine be," to which counsel replied his hourly rate of $250 times three. Avina "asked Mr. Gonzalez to recuse himself, convincing me of a racist stance." (*Id*.).

According to Avina, a trial by jury was set for November 19, 2010, and visiting Judge Meeker:

> selected the jury herself, instructed them how to proceed, supported [counsel for Stone's] lame statements and exhibits of a series of pictures taken by the insurance adjuster, indicating the presence of insurance lawyers acting on behalf of Ms. Stone. Judge Meeker prevented twice the defendant from testifying, and warned me of

2

> contempt of the court, brought a guard against me, for telling her five times that [counsel for Stone] was telling lies to her, and four times has misled the jury.

(*Id*.). Avina alleges the actions of Meeker were motivated by racism. (*Id*. at 2-3).

Avina next alleges Scott "failed to prevent an extortion attempt, and expressed racist comments to me" in cause 044662 on April 12, 2004. (*Id*. at 3). Further, according to Avina, in case number 011441 filed in Travis County, Scott included in his verdict "a number of falsehoods to dismiss allegations of fraud and extortion against a David Holman, who justifies the actions that brought him to court with defamations." (*Id*.). Avina also alleges "[t]here is a missing report from one of the officers that judge Scott chose not to identify, prompting his dismissal of the case." (*Id*.)

In addition, Avina states he contacted the Travis County Commissioner's Court on November 1, 2011, to alert Judge Sam Biscoe of criminal activity in Travis County Justice of the Peace precincts 1, 2, and 14, and specifically naming Scott, Gonzalez and Meeker. Avina also states the conduct of various City of Austin Municipal Judges has been reported to the Texas Commission on Judicial Conduct for their participation in traffic ticket raids. He complains the conduct of the defendants and other judges:

> has nothing to do with dispensing of justice, and their submissive disposition to Caucasians reveal a flawed training, a racist view of the law, and a total disdain for the dignity of the State and its resources. The complexity and the lexicon placed over simple cases in order to overwhelm; the intimidation used to suppress testimony is totally inadmissible; it keeps the process of law from evolving, and puts unnecessary pressure on selected ethnic groups,

(*Id*. at 3-4). Plaintiff seeks unspecified relief.

Defendants Gonzalez and Meeker have now filed a motion to dismiss Plaintiff's complaint. Defendants Diaz and Scott have also filed a separate motion to dismiss Plaintiff's complaint. In the two motions, the defendants argue: (1) Plaintiff has not stated a claim against them in their official

capacity; (2) they are entitled to immunity from Plaintiff's claims against them; and (3) Plaintiff's lawsuit is frivolous as it lacks any arguable basis in fact. Plaintiff has filed responsive pleading to each motion. Accordingly, these matters are now ripe for determination.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1965-66 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974. The Supreme Court has recently made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S.662, ___, 129 S. Ct. 1937, 1949 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court

4

to draw on its judicial experience and common sense." *Id*. at 1950.  Thus, in considering a motion to dismiss the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Id*. at 1950. (quoting FED. R. CIV. P. 8(a)(2)).

### III.  ANALYSIS

Defendants Gonzalez, Meeker, Diaz and Scott seek dismissal of Plaintiff's claims against them on a number of bases.  They first argue, to the degree Plaintiff is suing them in their official capacity, he has failed to state a claim against them.

An action against a government official in his or her official capacity is tantamount to a suit against the government itself.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); *McCarthy v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004).  Plaintiff's claim against Gonzalez, Meeker, Diaz and Scott in their official capacity as Travis County judges is thus tantamount to a suit against the county itself.  A governmental entity such as Travis County is liable for civil rights violations only if its official policy or custom causes a person to be deprived of a federally protected right.  *Board of County Comm'rs v. Brown,* 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997); *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978).  The Supreme Court has recently reiterated the "policy or custom" requirement applies regardless of the relief sought.  *Los Angeles County, v. Humphries*, __ U.S. __, 131 S. Ct. 447, 449 (2010).  Official policy includes policy statements, ordinances or regulations which are officially adopted by municipal authorities, while a custom is a persistent, widespread practice of employees

which is within the actual or constructive knowledge of the governing body of the municipality. *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984); *Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir. 1984). To impose liability, a plaintiff must identify the policy, connect the policy to the governmental entity itself and show his injury was incurred because of the application of the specific policy identified. *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001); *Bennett,* 728 F.2d at 767.

Plaintiff's complaint is wholly devoid of any allegations of any county policy or practice underlying the actions of Gonzalez, Meeker, Diaz or Scott. Rather, he simply alleges they have acted with total disdain for the law. At best this assertion is simply conclusory and is subject to dismissal as such. *See Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995), *quoting* 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216 at 156-59 (2d ed. 1990) ("the complaint must contain either direct allegations on every material point necessary to sustain recovery . . . or contain allegations from which an inference may be fairly drawn" under the relevant legal theory). Accordingly, the motions to dismiss the official capacity claims against each of the defendants should be granted.

Defendants have also moved to dismiss the claims against them in their individual capacity as barred by the doctrines of both qualified and absolute immunity. As absolute judicial immunity would be dispositive of all claims, the undersigned will address that argument first. Absolute immunity protects "officials whose special functions or constitutional status requires complete protection from suit" such as legislators, judges, prosecutors and executive officers engaged in adjudicative functions, whether state or federal. *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S. Ct. 2727, 2732 (1982). It is well settled that judicial officers are immune from liability for damages

occasioned by their activities in the course and scope of their judicial function. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993) (judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions). In determining whether a judge acted within the scope of his or her judicial capacity a district court is required to consider four factors to discern whether a judge's actions are in fact "judicial in nature:" (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). These factors are broadly construed in favor of immunity. *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

      Defendants contend all of the actions complained of by Avina were done as a matter of carrying out judicial duties. A review of Plaintiff's complaint confirms all the actions at issue occurred in a courtroom setting during judicial proceedings. Defendants thus maintain they are entitled to absolute judicial immunity from all of Plaintiff's claims. In his responsive pleadings, Plaintiff does not directly address the issue of judicial immunity. Rather, he sets forth additional allegations and instances of misconduct based on racism by police officers, the Austin school district, Judge Wilfred Flowers, Travis County Sheriff Greg Hamilton and the Office of the Police Monitor. Avina appears to suggest Defendants have consistently protected the perpetrators of these wrongdoing. He further maintains that this suit would end a system which consistently acts in a biased and corrupt fashion. However, judicial immunity "is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991). *See also Stump v.*

7

*Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105 (1978) ('judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"); *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"); *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993) (court must consider judge's actions alone, not intent, in determining entitlement to immunity).

The undersigned concludes the actions of Judges Gonzalez, Meeker, Diaz and Scott described in Plaintiff's complaint were taken in executing a judicial function. Defendants are, therefore, entitled to judicial immunity from all claims asserted by Avina against them in this action in their individual capacity and their motions to dismiss should be granted on this basis. Accordingly, the other arguments raised in Defendants' motions to dismiss need not be addressed.

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendants Raul Gonzalez and Jade Meeker's Motion to Dismiss Pursuant to Rule 12(b)(6) (Clerk's Dkt. #6) and Defendants Elena Diaz and Richard Scott's Motion to Dismiss Pursuant to Rule 12(b)(6) (Clerk's Dkt. #11).

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE